[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16107
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14035-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CANDIDO DEJESUS OSORIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 13, 2012)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Candido Osorio appeals the procedural and substantive reasonableness of

his 235-month sentence for production of child pornography.  On appeal, Osorio

argues that his sentence is procedurally unreasonable because the district court: (1) considered only one 18 U.S.C. § 3553(a) factor—his guideline range; and (2) did not consider the fact that, in Florida, Osorio would have been subject to a maximum sentence of five years' imprisonment for his crime. He argues that his sentence is substantively unreasonable because a 180-month sentence would have been sufficient given the nature of the offense. For the reasons set forth below, we affirm Osorio's sentence.

## I.

In June 2011, Osorio's wife discovered a digital camera hidden in the bathroom she shared with Osorio and her 14-year-old daughter (Osorio's stepdaughter). After viewing the video recordings and seeing video of her daughter completely naked, Osorio's wife contacted the police. The police discovered four video recordings, and in each, Osorio was seen setting up the camera in the bathroom so that it would record the area in front of the shower. In each video, Osorio's stepdaughter was completely naked. A few days later, the police found an additional memory card in Osorio's truck. This memory card contained five videos of Osorio setting up the camera in the bathroom and then his stepdaughter undressing. His stepdaughter was completely naked in the videos.

Osorio pleaded guilty to production of child pornography, in violation of 18

2

U.S.C. § 2251(a).  His base offense level was 32, pursuant to U.S.S.G. § 2G2.1.

He received a two-level increase, under § 2G2.1(b)(1)(B), because his

stepdaughter was between the ages of 12 and 16 years, and he received a two-level

increase, under § 2G2.1(b)(5), due to his custodial relationship with the minor

victim.  Under § 4B1.5(b)(1), Osorio received a five-level enhancement because

his offense was a covered sex crime, §§ 4B1.1 and 4B1.5(a) did not apply, and he

engaged in a pattern of activity involving prohibited sexual conduct.  After

receiving a three-level reduction for acceptance of responsibility, under

§ 3E1.1(a), (b), Osorio's total offense level was 38.  Based on an offense level of

38 and a criminal history category of I, Osorio's guideline range was 235 to 293

months' imprisonment.  The statutory sentencing range was 180 to 360 months'

imprisonment.  Osorio did not object to the PSI, but he did submit a letter in which

some of his friends indicated that he was a dedicated and hard-working individual.

At the sentencing hearing, the district court stated that it had reviewed the

factual basis for the guilty plea, the plea agreement, the presentence investigation

report ("PSI"), and the letter submitted on Osorio's behalf.  Osorio stated, through

counsel, that his offense was "very serious," but he noted that he had pleaded

guilty and taken responsibility for his actions.  He asked the court to impose the

statutory minimum sentence of 180 months' imprisonment, which he argued, was

3

sufficient under the factors set forth in 18 U.S.C. § 3553(a). Nothing in Osorio's case warranted imposing a longer sentence than the statutory minimum sentence. Osorio noted that he received enhancements to his base offense level due to the victim's age and Osorio's custodial relationship with the minor victim. Nonetheless, were it not for § 4B1.5, Osorio's total offense level would have been 33, and his guideline range would have been 135 to 168 months' imprisonment. The court stated that it had considered the parties' statements; the PSI, which contained the advisory guideline range; and the statutory factors. The court found that a low-end guideline range was sufficient to deter Osorio from future criminal conduct, and the court imposed a 235-month sentence.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). Under the abuse of discretion standard, we will affirm a sentence "unless we find that the district court has made a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*,

611 F.3d 855, 872 (11th Cir. 2010) (quotation omitted), *cert. denied*, 131 S.Ct. 2962 (2011). The party challenging a sentence bears the burden of establishing that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing the reasonableness of a sentence, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable, meaning that the district court properly calculated the guideline range, treated the guideline range as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and "adequately explain[ed] the chosen sentence." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. At the time of sentencing, the court must state its reasons for imposing a particular sentence. 18 U.S.C. § 3553(c). However, the court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, it is within the district court's "own professional judgment" to determine the detail necessary in its statement of reasons. *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). It may be clear from the circumstances of the case that the district court rests its "decision upon the [U.S. Sentencing] Commission's own reasoning that the Guidelines sentence is a proper

sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the [court] has found that the case before [it] is typical." *Id.* at 357, 127 S.Ct. at 2468. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, however, the judge will normally go further and explain why he has rejected those arguments." *Id.* Where the circumstances allow for it, the court may provide a brief explanation as to why it has rejected a request for a variance. *Id.* Thus, the court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is sufficient. *Talley*, 431 F.3d at 786.

Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *Id.* at 788. The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the

6

pertinent policy statements of the Sentencing Commission, the need to avoid

unwarranted sentencing disparities, and the need to provide restitution to victims.

*Id.* § 3553(a)(1), (3)-(7).  The need to avoid unwarranted sentencing disparities "is

concerned with unwarranted disparities in sentences among federal defendants."

*United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009).  Thus,

"disparate federal and state sentences" are not a concern under § 3553(a).  *Id.*

"We ordinarily expect a sentence within the Guidelines range to be

reasonable."  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The reasonableness of a sentence may also be indicated when the sentence

imposed is well below the statutory maximum sentence.  *See id.*  The goal of

sentencing "is to lock in a sentence that is not too short and not too long, but just

right to serve the purposes of § 3553(a)."  *Irey*, 612 F.3d at 1197.  We have

criticized the use of the term "parsimony principle" because "it tends to slant the

discussion toward shorter sentences by emphasizing only" the need to avoid

sentences that are too long.  *Id.*

Osorio's sentence is both procedurally and substantively reasonable.  As to

procedural reasonableness, the court properly calculated the guideline range,

treated that range as advisory, stated that it considered the § 3553(a) factors, and

explained that a 235-month sentence was sufficient to deter Osorio from future

criminal conduct.  As the court explicitly stated that it considered the § 3553(a) factors and mentioned deterrence specifically, Osorio's argument that the court only considered the guideline range is without merit.  Moreover, given the circumstances of the case, the court provided sufficient detail to explain its decision to impose a sentence within the guideline range.  *See Rita*, 551 U.S. at 356-57, 127 S.Ct. at 2468.  The court stated that it had considered the parties' statements.  In his request for a variance, Osorio acknowledged that his crime was very serious and that the guideline range was greater than the statutory minimum sentence due to the victim's age, Osorio's custodial role, and the § 4B1.5 enhancement.  Although Osorio argued that such factors did not warrant a 235-month sentence, it is clear that the court considered and rejected that argument and determined that the Commission correctly relied on those factors in establishing the guideline range.  *See Rita*, 551 U.S. at 356-57, 127 S.Ct. at 2468.  Because the court acknowledged that it considered both the § 3553(a) factors and the parties' arguments, its explanation of the sentence was sufficient.  *See Talley*, 431 F.3d at 786.

Further, Osorio's argument that the court should have considered Florida's maximum sentence for his conduct is incorrect.  One of the goals of sentencing is to avoid unwarranted disparities in federal sentences.  *See Docampo*, 573 F.3d at

8

1102. This sentencing goal does not address "disparate federal and state sentences," and the court, therefore, did not need to consider what Osorio's sentence might have been in state court. *Id.*

Osorio's sentence is also substantively reasonable in light of the record and the § 3553(a) factors. The court's sentence of 235 months was within the applicable guideline range, and we ordinarily expect such a sentence to be reasonable. *See Gonzalez*, 550 F.3d at 1324. Osorio's sentence was also well below the 360-month statutory maximum penalty, further indicating that it was a reasonable sentence. *See id.* The sentence, moreover, met the goals encompassed within § 3553(a). Osorio made nine video recordings of his 14-year-old stepdaughter undressing. Considering Osorio's disregard for the law, a sentence within the guideline range was necessary to promote respect for the law, provide just punishment, deter Osorio from further criminal activity, and protect the public. Due to the serious nature of his crime, a lower sentence was not warranted, and Osorio's parsimony principle argument must fail. *See Irey*, 612 F.3d at 1197. Based on the above, Osorio's ultimate sentence was reasonable, and we will not re-weigh the § 3553(a) factors. *See Snipes*, 611 F.3d at 872.

For the foregoing reasons, we affirm Osorio's sentence.

**AFFIRMED.**

9